UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS COGDELL,

    Plaintiff,

v.                                  Case No. 3:22cv19489-LC-HTC

LT. NEIL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, Carlos Cogdell, a prisoner proceeding *pro se*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. As set forth below, Plaintiff's complaint is subject to dismissal based on his failure to comply with Court orders and failure to prosecute.

Plaintiff originally initiated this action in the Middle District of Florida. ECF Doc. 1. The case was transferred to this Court pursuant to 28 U.S.C. § 1406. ECF Docs. 5–6. Upon review of Plaintiff's complaint and motion to proceed *in forma pauperis*, the Court found both to be deficient and, on October 13, 2022, ordered Plaintiff to file an amended complaint and a new motion. ECF Doc. 8. The order warned Plaintiff that his failure to comply with it could result in a recommendation of dismissal. *Id.* at 4. After Plaintiff failed to file any documents or otherwise

respond, the Court issued a show cause order, which gave Plaintiff fourteen (14) days to comply with the October 13 order or show cause why the case should not be dismissed. ECF Doc. 9. On November 14, 2022, Plaintiff filed a second motion to proceed *in forma pauperis*, ECF Doc. 10, which was also incomplete. Thus, that motion was denied, with leave to file a third motion to proceed *in forma pauperis*. To date, however, Plaintiff has neither filed a complete motion to proceed *in forma pauperis* nor an amended complaint as directed by the Court.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order. Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Based on the foregoing, dismissal of this case is appropriate. Accordingly, it is respectfully RECOMMENDED:

Case No. 3:22cv19489-LC-HTC

1.      This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.      The clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of December, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.